The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the record as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor modifications.
Much of plaintiffs' appeal centers upon the deputy commissioner's timing in continuing with the hearing despite a request for continuance and in issuing an order which closed the record prior to plaintiff's filing of a brief or proposed opinion and award on the lump sum issue. The undersigned have reviewed the procedural record in this case and find no error in Deputy Commissioner Taylor's management of the record and proceedings. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
Accordingly the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. On July 15, 1996, the employee and defendants were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between the employee and defendant-employer.
3. On or about July 15, 1996, the employee died as a result of an injury by accident arising out of and in the course of his employment with defendant-employer.
4. The employee's average weekly wage was $346.71.
5. The birth certificates of Michelle Renee Robinette (Stipulated Exhibit 1) and Adam Lee Robinette (Stipulated Exhibit 2), Certificate of Death for Thomas Lee Robinette (Stipulated Exhibit 4) and the Marriage Certificate for Vickie Renee Swann and Thomas Lee Robinette (Stipulated Exhibit 3) are admitted into evidence.
6. Burial expenses, pursuant to N.C. Gen. Stat. § 97-38
have been paid by defendants. In addition, the Form 22 (defendant's Exhibit 1) and records of payments by Key Risk (defendant's Exhibit 2) are admitted into evidence.
 ***********
Based upon the competent, credible, and convincing evidence of record, the undersigned make the following additional
 FINDINGS OF FACT
1. The employee and Vickie S. Robinette were married on July 25, 1992, and lived together as husband and wife from that date, without any period of separation, until July 15, 1996.
2. Michelle R. Robinette, born November 19, 1992, and Adam L. Robinette, born January 20, 1994, are the natural children of the employee. The employee had no other children, natural or adopted.
3. On July 15, 1996, the employee provided support for his wife and two minor children. There were no other persons who were wholly or partially dependent upon the employee for support.
4. The children continue to live with and be in the custody of their mother, Vickie S. Robinette. Vickie S. Robinette is the natural guardian of the children.
5. Carrie Swann, the natural maternal grandmother of the children, is an appropriate guardian of the children's interest.
6. Vickie S. Robinette has been receiving weekly payments in the amount of $231.15 from Key Risk ("Carrier"), since the week of July 15, 1996. These payments are on behalf of Vickie S. Robinette, Michelle R. Robinette, and Adam L. Robinette. Carrier receives credit for payments made to dependents pursuant to employee's death benefits.
7. Carrier paid Vickie S. Robinette $2,000.00 for the funeral expenses of employee.
8. There is no competent, credible, or convincing evidence of record that this is a case involving unusual circumstances in which it would be in the best interest of Vickie S. Robinette or the minor dependents, Michelle R. Robinette and Adam L. Robinette, to have compensation payments paid in a lump sum at this time. This finding does not foreclose the possibility of a reasonable request for lump sum payments should the evidence warrant such at some future time. Plaintiffs would need to file a Form 33 Request for Hearing should such a situation arise.
 ***********
The foregoing stipulations and findings of fact engender the following
 CONCLUSIONS OF LAW
1. On or about July 15, 1996, the employee died as a result of an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Vickie S. Robinette is the employee's widow. N.C. Gen. Stat. § 97-2(14).
3. Michelle R. Robinette and Adam L. Robinette are the employee's only children. N.C. Gen. Stat. § 97-2(12).
4. As a result of the employee's death Vickie S. Robinette, Michelle R. Robinette and Adam L. Robinette, are each entitled to payment of death benefits at the rate of $77.05 per week beginning July 15, 1996 and continuing for four hundred weeks, except that the weekly benefit due Michelle R. Robinette and Adam L. Robinette shall continue until their eighteenth birthdays. N.C. Gen. Stat. § 97-38.
5. There is no competent, credible, or convincing evidence that this is a case involving unusual circumstances in which it would be in the best interest of Vickie S. Robinette or the minor dependents, Michelle R. Robinette and Adam L. Robinette, to have compensation payments paid in a lump sum at this time. N.C. Gen. Stat. § 97-44.
6. Considering the complexity of this case, the lack of its contested nature on the dependency issue, the amount of time which plaintiff's attorney has been involved in the case, the fact that benefits were being paid by defendants before plaintiff's counsel was retained, the result obtained, and the usual and customary attorney's fee received by attorneys representing claimants before the Industrial Commission in dependency cases such as this where the sole purpose of the hearing, which was requested by defendants, is to obtain an order directing payment to the appropriate dependents, the identity of which was not at issue, a reasonable attorney's fee for plaintiff's attorney is $1,000.00.
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following
 AWARD
1. Defendants shall pay Vickie S. Robinette $77.05 per week for four hundred weeks from July 15, 1996.
2. On behalf of the minor daughter, Michelle R. Robinette, defendants shall pay Vickie S. Robinette $77.05 per week from July 15, 1996 until said minor's eighteenth birthday.
3. On behalf of the minor son, Adam L. Robinette, defendants shall pay Vickie S. Robinette $77.05 per week from July 15, 1996, until said minor's eighteenth birthday.
 ORDER
1. The sums paid to Vickie S. Robinette on behalf of Michelle R. Robinette and Adam L. Robinette shall be used exclusively for the maintenance, benefit, support and education of said children.
2. An attorney's fee in the amount of $1,000.00 is hereby approved and shall be paid to plaintiff's attorney.
3. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___ day of ________, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
JHB:kws